## T. H. STUBBS v. THE STATE.

1. OFFICER. *Drunkenness. Acts* 1873, p. 84.

   Where, pending a prosecution for drunkenness in office, under Acts 1873, p. 84, the term of the officer expires, no judgment can be pronounced, even for costs, and the case will be dismissed.

2. JUDICIAL NOTICE. *Term of public officer.*

   The court will take judicial cognizance of the fact that, by the Constitution and laws of the State, the terms of all justices of the peace terminated on a certain date.

ERROR to the Circuit Court of Covington County.

Hon. G. C. CHANDLER, Judge.

*B. Taylor*, for the plaintiff in error.

The motion in arrest of judgment should have been sustained, because the defendant was out of office before rendition of the judgment. The election was in the fall of 1873, for a term to end Jan. 1, 1876, and the conviction was subsequent to the latter date.

*G. E. Harris*, Attorney-General, for the State.

1. The plaintiff in error insists that his term of office had expired before he was tried on the indictment. No such thing is shown by the record.

2. If it were so, the penalty is removal from office; and if he was out of office at the time of the trial, he is not prejudiced by the judgment, except so far as relates to the costs of the prosecution, and he cannot evade that by going out of office.

*Peter P. Bailey*, on the same side.

1. It is enough that the proof shows that the defendant was in office at the time he committed the offence. The act does not require that he should be in office at the time of trial.

2. The penalty being removal from office, he was not prejudiced by the judgment, if not in office at the time of trial.

3. There is nothing in the record to show that his term of office had actually expired. The presumption is that the lower court acted properly on sufficient evidence.

CHALMERS, J., delivered the opinion of the court.

The plaintiff in error, being a justice of the peace in and for the County of Covington, was indicted and convicted of being drunk while in office, under and by virtue of the provisions of acts of 1873, p. 84, punishing drunkenness in office.

After conviction he moved in arrest of judgment, on the ground that his term of office had expired, as was apparent from the record, because, the indictment alleging that he was a justice of the peace on 1st of August, 1875, the court was bound to take judicial cognizance of the fact that the terms of all justices then in office terminated on 1st of January, 1876, according to the Constitution and laws of the State, and the conviction had been had in November, 1876.

The court overruled the motion, sentenced the accused to removal from office, and taxed him with the costs. This was erroneous : the only penalty for his offence prescribed by the statute was removal from office. It was here apparent, from the record and the public law, that his term had expired before conviction.

It was impossible, therefore, to make effective the only penalty prescribed by law. There is no inhibition in the statute against holding office thereafter. It is said that the question of costs was involved, and that the State had the right to inflict these upon him. We think not. She had lost this by the failure to convict during his term. It is as if the party had died pending trial; or like the case where a penal statute is repealed after indictment and before conviction. It is evident that in such case no judgment can be pronounced.

*Judgment reversed and case dismissed.*